1  McGREGOR W. SCOTT
   United States Attorney
2  COURTNEY J. LINN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,       )
                                    )
12              Plaintiff,          )    2:06-CV-0509-FCD-KJM
                                    )
13         v.                       )
                                    )
14  ALL FUNDS HELD IN ACCOUNT       )    STIPULATION AND ORDER
    LEIKA-85157 AT BANCA            )    TO REPATRIATE FUNDS
15  UNIONE DI CREDITO IN THE        )
    APPROXIMATE AMOUNT OF           )
16  $1,197,945.32, PLUS ANY         )
    ACCRUED INTEREST,               )
17                                  )
    ALL FUNDS HELD IN ACCOUNT       )
18  BUGGY-85192 AT BANCA            )
    UNIONE DI CREDITO IN THE        )
19  APPROXIMATE AMOUNT OF           )
    $280,860.62, PLUS ANY           )
20  ACCRUED INTEREST,               )
                                    )
21  ALL FUNDS HELD IN ACCOUNT       )
    SULKY-85172 AT BANCA            )
22  UNIONE DI CREDITO IN THE        )
    APPROXIMATE AMOUNT OF           )
23  $237,089.55, PLUS ANY           )
    ACCRUED INTEREST, and           )
24                                  )
    ALL FUNDS HELD IN ACCOUNT       )
25  BONAVENTURA - 2190175 AT        )
    BANCA UNIONE DI CREDITO IN      )
26  THE APPROXIMATE AMOUNT OF       )
    $503,456.54, PLUS ANY           )
27  ACCRUED INTEREST,               )
                                    )
28  _____Defendants.___  )

                                1

1    The United States of America, and claimants Konstantin

2  Grigoryan, Mayya Grigoryan, and Bonaventure Business, Inc. hereby

3  stipulate as follows:

4                              RECITALS

5    1.  This is a civil forfeiture action brought against the

6  above-captioned funds, which funds are currently held at Banca

7  Unione De Credito in Switzerland, and which have been restrained

8  by the Swiss government at the request of the United States.  The

9  Verified Complaint for Forfeiture In Rem alleges that this Court

10 has in rem and subject matter jurisdiction pursuant to 28 U.S.C.

11 § 1345 and 1355(a) and 28 U.S.C. § 1355(b)(2) (authorizing a U.S.

12 District Court to exercise civil forfeiture jurisdiction over

13 assets located abroad) and 18 U.S.C. § 981.

14    2.  The Claimants to the above-captioned funds are

15 Konstantin Grigoryan, Mayya Grigoryan and Bonaventure Business,

16 Inc. (hereinafter collectively referred to as the "Claimants").

17 The Claimants are each defendants in a parallel criminal

18 prosecution pending in the Central District of California arising

19 out of the same or similar transactions and events that give rise

20 to this civil forfeiture action.  See United States v. Konstantin

21 Grigoryan, et al.,CR No. 06-299-svw.

22    3.  The United States and the Claimants wish to attempt to

23 repatriate the above-captioned funds to the United States so that

24 they may be held by the U.S. Department of Treasury pending the

25 outcome of this forfeiture action.  To effect the repatriation,

26 it will be necessary: (a) for the United States to communicate an

27 official request to the Swiss government; and (b) for the

28 Claimants to execute wire instructions directing that Banca

                                2

1  Unione De Credito transfer the above-captioned funds, plus any

2  accrued interest, to a U.S. Department of Treasury bank account.

3  <u>STIPULATIONS</u>

4  Therefore the parties stipulate as follows:

5  3.   The Claimants agree that in the event that the above-

6  captioned funds are repatriated to the United States pursuant to

7  this Stipulation, the Claimants: (1) shall not interpose any

8  objection to the Court's exercise of subject matter or in rem

9  jurisdiction premised on the fact that the funds have been

10 repatriated to the United States; and (2) shall not object in

11 this action, in the parallel criminal action, or in any other

12 action, to the restraint and seizure of the above-captioned funds

13 by the U.S. Department of Treasury pending the outcome of this

14 forfeiture action, and shall not challenge in this action, in the

15 parallel criminal action, or any other action, such restraint and

16 seizure by motion or otherwise.  If for any reason, the above-

17 captioned funds are not successfully repatriated to the United

18 States during the pendency of the action, the Claimants shall not

19 interpose any objection in this action, in the parallel criminal

20 action, or in any action, premised on such failure to repatriate

21 such funds.

22 3.   The United States agrees that any documents that the

23 Claimants or their agents may execute in the course of attempting

24 to repatriate the above-captioned funds shall not be used as an

25 admission against them in the government's case-in-chief in the

26 parallel criminal prosecution pending in the Central

27 ///

28 ///

District of California, United States v. Konstantin Grigoryan, et al., CR No. 06-299-SVW.

　　　　IT IS SO STIPULATED.

DATED: 5/24/06　　　　　　　　　McGREGOR W. SCOTT
　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　/s/ Courtney J. Linn
　　　　　　　　　　　　　　　　　COURTNEY J. LINN
　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

DATED: 5/24/06


　　　　　　　　　　　　　　　　　/s/ Paul L. Gabbert
　　　　　　　　　　　　　　　　　PAUL L. GABBERT
　　　　　　　　　　　　　　　　　Attorney for Konstantin Grigoryan,
　　　　　　　　　　　　　　　　　Mayya Grigoryan, and Bonaventure
　　　　　　　　　　　　　　　　　Business, Inc.


　　　　　　　　　　　　　　　　　(Original signature retained by
　　　　　　　　　　　　　　　　　attorney)

　　　　　　　　　　　　　　　　　ORDER

　　　　The Court adopts the parties' stipulation in full.

　　　　IT IS SO ORDERED.

DATED: May 31, 2006

　　　　　　　　　　　　　　　　　/s/ Frank C. Damrell Jr.
　　　　　　　　　　　　　　　　　FRANK C. DAMRELL, JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE