```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2723
 5
 6
 7
 8                IN THE UNITED STATES DISTRICT COURT
 9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,        )
                                     )
12                  Plaintiff,       )   2:06-CV-0509-FCD-KJM
                                     )
13          v.                       )
                                     )
14  ALL FUNDS HELD IN ACCOUNT        )   STIPULATION TO STAY
    LEIKA-85157 AT BANCA             )   PROCEEDINGS AND ORDER
15  UNIONE DI CREDITO IN THE         )   THEREON
    APPROXIMATE AMOUNT OF            )
16  $1,197,945.32, PLUS ANY          )
    ACCRUED INTEREST,                )
17                                   )
    ALL FUNDS HELD IN ACCOUNT        )
18  BUGGY-85192 AT BANCA             )
    UNIONE DI CREDITO IN THE         )
19  APPROXIMATE AMOUNT OF            )
    $280,860.62, PLUS ANY            )
20  ACCRUED INTEREST,                )
                                     )
21  ALL FUNDS HELD IN ACCOUNT        )
    SULKY-85172 AT BANCA             )
22  UNIONE DI CREDITO IN THE         )
    APPROXIMATE AMOUNT OF            )
23  $237,089.55, PLUS ANY            )
    ACCRUED INTEREST, and            )
24                                   )
    ALL FUNDS HELD IN ACCOUNT        )
25  BONAVENTURA - 2190175 AT         )
    BANCA UNIONE DI CREDITO IN       )
26  THE APPROXIMATE AMOUNT OF        )
    $503,456.54, PLUS ANY            )
27  ACCRUED INTEREST,                )
                                     )
28              Defendants.          )
```

1

1    Plaintiff United States of America and claimants Konstantin
2 Grigoryan, Mayya Grigoryan, and Bonaventure Business, Inc.,
3 [hereafter "Claimants"], by and through their respective counsel,
4 hereby stipulate that a stay is necessary in the above-entitled
5 action, and request that the Court enter an order staying all
6 further proceedings pending the outcome of a related criminal
7 case.
8    1.  Claimants filed a claim on May 16, 2006.  The claimants
9 are each defendants in a parallel criminal case pending in the
10 Central District of California arising out of the same or similar
11 transactions and events that give rise to this civil forfeiture
12 action.  See United States v. Konstantin Grigoryan, et al., CR.
13 No. 06-299 SVW.
14    2. Pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2), the
15 parties seek a stay of proceedings in this case.  The United
16 States contends inter alia that the defendant funds, which are
17 currently held at Banca Unione De Credito in Switerzland, are
18 subject to civil forfeiture because they are the proceeds of
19 claimants' fraudulent activity that includes but is not limited
20 to submitting false claims to Medicare and money laundering.
21 The United States intends to depose claimants and question them
22 about the claims each has filed in this action.  If discovery
23 proceeds, claimants would be placed in the difficult position of
24 either invoking their Fifth Amendment rights against self-
25 incrimination and impairing and possibly losing the ability to
26 prove their claims, or waiving their Fifth Amendment rights and
27 submitting to a deposition and potentially incriminating
28 themselves in the pending criminal matter.

1      3.   Similarly, Claimants would attempt to serve written
2 discovery requests on the United States and depose the federal
3 law enforcement agents who were involved in the investigation
4 that led to claimants' indictment in the Central District of
5 California.  Allowing discovery at this point, and in
6 particular, allowing the depositions of the law enforcement
7 investigators involved in this investigation and prosecution,
8 would adversely affect the ability of the government to properly
9 prosecute the <u>Grigoryan</u> case.
10      4.   Accordingly, the parties recognize that proceeding with
11 this action at this time has potential adverse affects on the
12 prosecution of the related-criminal case and/or upon Claimants'
13 ability to prove their claim that the defendant funds belong to
14 them, and that they came from legitimate sources.  For these
15 reasons, the parties jointly request that this matter be stayed
16 until the conclusion of the criminal case.
17      5.   Nothing in this stipulation shall be construed to
18 interfere with, or limit, the parties' efforts to repatriate the
19 above-captioned funds to the United States so that they may be
20 held by the U.S. Department of Treasury pending the outcome of
21 this forfeiture action.  <u>See</u> the Stipulation and Order to
22 Repatriate Funds, signed by this Court on May 31, 2006.

Dated: August 3, 2006             McGREGOR W. SCOTT
                                  United States Attorney

                                  /s/ Kristin S. Door
                                  Assistant U.S. Attorney
//
//

3

1 | Dated: August 3, 2006        /s/ Paul L. Gabbert
2 |                              PAUL L. GABBERT
  |                              Attorney for Claimants
3 |                              Konstantin Grigoryan, Mayya
  |                              Grigoryan, and Bonaventure
4 |                              Business, Inc.
  |                              (Original signatures retained by
5 |                              attorney for United States)
6 |
7 |                              ORDER
8 |       The Court adopts the parties' stipulation in full.
9 |       **IT IS SO ORDERED.**
10 |
11 | Dated: August 4, 2006        /s/ Frank C. Damrell Jr.
   |                              FRANK C. DAMRELL, JR.
12 |                              United States District Judge