```
McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALL FUNDS HELD IN ACCOUNT LEIKA-85157 AT BANCA UNIONE DI CREDITO IN THE APPROXIMATE AMOUNT OF $1,197,945, PLUS ANY ACCRUED INTEREST,<br><br>ALL FUNDS HELD IN ACCOUNT BUGGY-85192 AT BANCA UNIONE DI CREDITO IN THE APPROXIMATE AMOUNT OF $280,860.62, PLUS ANY ACCRUED INTEREST,<br><br>ALL FUNDS HELD IN ACCOUNT SULKY-85172 AT BANCA UNIONE DI CREDITO IN THE APPROXIMATE AMOUNT OF $237,089.55, PLUS ANY ACCRUED INTEREST, and<br><br>ALL FUNDS HELD IN ACCOUNT BONAVENTURA - 2190175 AT BANCA UNIONE DI CREDITO IN THE APPROXIMATE AMOUNT OF $503,456.54, PLUS ANY ACCRUED INTEREST,<br><br>　　　　Defendants. | 2:06-CV-0509-FCD-KJM<br><br>**FINAL JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against the following properties:

    a) All funds held in Account Leika-85157 at Banca Unione Di Credito in the approximate amount of $1,197,945, plus any accrued interest;

    b) All funds held in Account Buggy-85192 at Banca Unione Di Credito in the approximate amount of $280,860.62, plus any accrued interest;

    c) All funds held in Account Sulky-85172 at Banca Unione Di Credito in the approximate amount of $237,089.55, plus any accrued interest; and

    d) All funds held in Account Bonaventura - 2190175 at Banca Unione Di Credito in the approximate amount of $503,456.54, plus any accrued interest;

(hereafter collectively referred to as the "defendant funds"). The defendant funds were frozen by Swiss authorities pursuant to a Mutual Legal Assistance Treaty ("MLAT") request on or about October 22, 2003.

2. A Verified Complaint for Forfeiture <u>In Rem</u> (hereafter "Complaint") was filed under seal on or about March 10, 2006, seeking the forfeiture of the defendant funds, alleging that said funds are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

3. On or about March 10, 2006, the Court issued a Summons and Warrant of Arrest <u>In Rem</u> for the defendant funds frozen by Swiss authorities on or about October 22, 2003. On April 5, 2006, the United States sent certified copies of the Complaint, the Summons and Warrant of Arrest <u>In Rem</u>, and the Unsealing Order to the Office of International Affairs ("OIA") for translation and submission to the Swiss authorities. Those documents were

2

translated and submitted to the Swiss authorities by OIA on or about April 24, 2006.

4. On or about April 14, 2006, copies of the Complaint, Application for Order Sealing Complaint, Declaration of Special Agent Lisa Ulrickson, Order Sealing Complaint and Declaration, Summons and Warrant of Arrest In Rem, Application and Order to Unseal Complaint, and related documents were sent by certified mail number 7004 2510 0004 3919 8256 to attorney Paul L. Gabbert on behalf of Konstantin and Mayya Grigoryan.

5. On or about June 1, 8, and 15, 2006, a Public Notice of restraint of the defendant funds appeared by publication in the Metropolitan News-Enterprise (Los Angeles County) and The Daily Recorder (Sacramento County), newspapers of general circulation located in the judicial district where the forfeiture complaint was filed (Sacramento), and in the county where certain actions giving rise to the forfeiture occurred (Los Angeles). The Proofs of Publication were filed with the Court on June 20 and 22, 2006.

6. Claimants Konstantin Grigoryan, Mayya Grigoryan, and Bonaventure Business, Inc., ("claimants") filed Statements Identifying Right or Interest to the defendant funds on May 16, 2006. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

7. A Stipulation and Order to Repatriate Funds was entered on May 31, 2006, wherein claimants agreed to the repatriation of the defendant funds from Switzerland to the United States to be held by the U.S. Department of Treasury pending the outcome of this forfeiture action. That Repatriation Order was translated

3

and submitted to the Swiss authorities by OIA on or about June 29, 2006.

    8.   Pursuant to the Repatriation Order, the following defendant funds were wired to the Department of Treasury by the Swiss on or about November 27, 2006:

    a)   Approximately $1,245,885.54 from Account Leika-85157 at Banca Unione Di Credito;

    b)   Approximately $289,646.64 from Account Buggy-85192 at Banca Unione Di Credito;

    c)   Approximately $251,890.06 from Account Sulky-85172 at Banca Unione Di Credito; and

    d)   Approximately $536,299.53 from Account Bonaventura - 2190175 at Banca Unione Di Credito.

The difference between the amounts wired to the Department of Treasury and the approximate amounts frozen is due to accrued interest.

    9.   Claimants represent and warrant that they are the sole owners of the above-listed defendant funds.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1. That the Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against claimants Konstantin Grigoryan, Mayya Grigoryan, and Bonaventure Business, Inc., and all other potential claimants who have not filed claims in this action.

3. The defendant funds listed in paragraph 8 above, plus any accrued interest, shall be forfeited to the United

1  States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), to
2  be disposed of according to law.
3      4.  That plaintiff United States of America and its
4  servants, agents, and employees and all other public entities,
5  their servants, agents, and employees, are released from any and
6  all liability arising out of or in any way connected with the
7  restraint, arrest, seizure or forfeiture of the defendant funds.
8  This is a full and final release applying to all unknown and
9  unanticipated injuries, and/or damages arising out of said
10 restraint, arrest, seizure or forfeiture, as well as to those now
11 known or disclosed.  The parties waive the provisions of
12 California Civil Code § 1542.
13     5.  Pursuant to the stipulation of the parties, and
14 allegations set forth in the Complaint for Forfeiture In Rem
15 filed March 10, 2006, the Court finds that there was reasonable
16 cause for the restraint, seizure, and arrest of the defendant
17 funds, and a Certificate of Reasonable Cause pursuant to 28
18 U.S.C. § 2465 shall be entered accordingly.
19     6.  That all parties are to bear their own costs and
20 attorneys' fees, if any.
21     SO ORDERED THIS 7th day of March 2007.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

5

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Complaint for Forfeiture <u>In</u> <u>Rem</u> filed March 10, 2006, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the restraint, seizure, and arrest of the defendant funds.

DATED: March 7, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE